UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY RIIHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-1010 |
| ) | |
| CURTIS D. THARP, ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Tharp's Motion [15] for Declaratory Judgment. For the reasons set forth below, Defendant's Motion [15] is Denied.

### Background

Plaintiff Jeremy Riihl, a former inmate at Pontiac Correctional Center, brought this action against former Illinois Department of Corrections Officer Curtis Tharp in his individual capacity and the State of Illinois. The Complaint alleged that Defendant Tharp violated Plaintiff's civil rights on January 24, 2012, when Tharp slammed Riihl's face into a fence pole and proceeded to choke him. Plaintiff filed a grievance, and the Illinois Department of Corrections Administrative Review Board notified him on May 29, 2013, that his grievance had been resolved. Defendant Tharp was later charged with and found guilty of two counts of battery against Riihl in the Livingston County state court. *People v. Curtis D. Tharp*, Case No. 2012-CM-237.

The first Count of Plaintiff's Complaint, excessive force under 42 U.S.C. § 1983, alleges that Defendant Tharp's actions "constituted unnecessary and wanton infliction of pain and were done maliciously and sadistically for the very purpose of causing harm, and not in furtherance of

1

any legitimate penological purpose, in violation of Plaintiff's rights under the Eighth Amendment . . ." The second Count in Plaintiff's Complaint seeks to have the State of Illinois indemnify Defendant Tharp in the event a judgment is entered against him. On March 19, 2014, the Office of the Attorney General for the State of Illinois denied Tharp's request for indemnification and representation, and on July 7, 2014, this Court granted their motion to withdraw as counsel for Defendant. The State of Illinois has not been served in this action.

On May 16, 2015, Defendant Tharp filed the present motion asking the Court to exercise ancillary jurisdiction over the State of Illinois and issue a declaratory judgment that the State must indemnify Tharp in the event that a judgment is entered against him. Tharp's motion cites 5 ILCS 350/2, which states in relevant part:

> In any such proceeding where notice in accordance with this Section has been given to the Attorney General, unless the court or jury finds that the conduct or inaction which gave rise to the claim or cause of action was intentional, wilful or wanton misconduct and was not intended to serve or benefit interests of the State, the State shall indemnify the State employee for any damages awarded and court costs and attorneys' fees assessed as part of any final and unreversed judgment, or shall pay such judgment. Unless the Attorney General determines that the conduct or inaction which gave rise to the claim or cause of action was intentional, wilful or wanton misconduct and was not intended to serve or benefit interests of the State, the case may be settled, in the Attorney General's discretion and with the employee's consent, and the State shall indemnify the employee for any damages, court costs and attorneys' fees agreed to as part of the settlement, or shall pay such settlement. Where the employee is represented by private counsel, any settlement must be so approved by the Attorney General and the court having jurisdiction, which shall obligate the State to indemnify the employee.
> 5 ILCS 350/2 (d)

Additionally, Tharp's motion states that "[i]t is the position of Curtis D. Tharp that his actions, even if intentional, willful, or wanton, which he does not concede, were 'intended to serve or benefit interests of the State,' and therefore the State is obligated to indemnify Curtis D. Tharp for 'any damages awarded and court costs and attorneys' fees assessed as part of any final and unreversed judgment . . ." E.C.F Doc. 15, at 4. Because the issue of whether Tharp's conduct was

"intentional, willful or wanton misconduct or "intended to serve or benefit interests of the State" remains unresolved, Tharp argues that settlement is impossible until this Court makes a finding on on the State's duty to indemnify.

## Standard of Review

The Eleventh Amendment forbids suits for monetary damages brought against a state in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Similarly, the Eleventh Amendment "bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Id*. at 101 (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). However, the Eleventh Amendment does not bar federal actions under § 1983 for money damages against state officials sued in their individual capacities, because "a state official who acts unconstitutionally is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'" *Bailey v. State of Ill.*, 622 F. Supp. 504, 506-07 (N.D. Ill. 1985) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). A state does not waive Eleventh Amendment sovereign immunity when it chooses to indemnify its employees for damages. *Stoner v. Wisconsin Dept. of Agric., Trade and Consumer Protection*, 50 F.3d 481, 483 (7th Cir. 1995).

## Analysis

Tharp's motion claims that the Court "has the power to exercise ancillary jurisdiction over the State and to issue a declaratory judgment to determine whether the State is liable for indemnification," citing *Wilson v. City of Chicago* for support. 120 F.3d 681, 683-84 (7th Cir. 1997). However, as the name of that case suggests, *Wilson* dealt with the joinder of the City of Chicago. And the Eleventh Amendment does not apply to cities, counties and similar municipal corporations. *Pennhurst*, 465 U.S. at 124 n. 34. Thus, while the facts of *Wilson* are similar to

those here, that case is distinguishable because the declaratory action against the City for indemnification did not implicate the Eleventh Amendment. See *Wilson*, 120 F.3d at 685.

Additionally, the State does not become a necessary party under Rule 19 just because it may need to indemnify Tharp in the future.[1] See Fed. R. Civ. Pro. 19; *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 637 (7th Cir. 2009); *Stone v. Pepmeyer*, No. 07-CV-1198, 2011 WL 1627076, at *2 (C.D. Ill. Apr. 28, 2011). Rather, "[t]he parties can pursue and defend the claims in this action without any determination of the State's indemnity and payment obligations under state law." And if Tharp loses or settles and the State refuses to pay, Tharp "can bring a state action to enforce the State's payment obligations." *Stone*, 2011 WL 1627076 at *2 (citing *Braziel v. State*, 25 Ill. Ct. Cl. 385 (1981).

In sum, Tharp is asking a federal court to join the State of Illinois as a Defendant in an action to enforce Illinois law. The Supreme Court has explicitly rejected such an action, reasoning that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. . . . [s]uch a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst*, 465 U.S. at 106. Thus, sovereign immunity under the Eleventh Amendment prohibits the joinder of the State of Illinois as a necessary party to this action. The difficulties in settlement negotiations that Tharp complains of do not change this analysis. Accordingly, this case will continue to proceed without the State. See *Stone*, at *3.

---

[1] The Court offers no opinion on whether the State is required to indemnify Tharp under 5 ICLS 350/2.

## CONCLUSION

For the reasons stated above, Defendant Tharp's Motion [15] for Declaratory Judgment is DENIED.

Signed on this 11th day of May, 2016.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge